Joseph A. Gavagan, J.
Plaintiff moves for summary judgment against the defendants. The papers reveal the following facts. Plaintiff is an insurance company which issued its policy of automobile insurance entitled “ Family Automobile Policy ” to the defendant Arlyne Title, who was the registered owner of the automobile described in the policy. The policy was issued on June 24, 1960 in New York City, where the policyholder and her husband resided. The plaintiff is a mutual insurance company organized under the laws of the State of New York, with *426 its principal place of business in the Borough of Manhattan, City of New York.
Concededly, the defendant Arlyne Title is the owner of the insurance policy and is the owner of the vehicle therein described and covered. The policy was renewed and was in full force and effect on March 6, 1963, when the defendant Arlyne Title suffered an injury to her person as a result of a fall from a three-wheel electric golf cart in which she was riding while it was being operated by the defendant Herbert Title, her husband. At the time of said accident, they were visiting in California and were guests on the grounds of the Indian Wells Grolf Course in Palm Springs, California. Defendants were and still are residents of the State of New York living in Queens County, New York City.
An action was commenced in California by Arlyne Title against the Indian Wells Country Club, her husband, the manufacturer of the golf cart, and others, to recover damages for the injuries she sustained by reason of the accident aforestated. On August 23, 1963, an action for declaratory judgment was commenced by the plaintiff in this court by service through the Superintendent of Insurance in California upon the defendants there. Service was so made by reason of the fact that plaintiff had recently been licensed to do business in that State in August of 1963, but at the time of the accident and to the date of the-instant motion plaintiff avers it has done no business in California and has no office to transact business there.
It is plaintiff’s contention, on this motion in support of its complaint herein, that its policy of insurance does not insure Arlyne Title or her husband for any injury or damage resulting from alleged negligence which resulted in the. operations of a nonowned automobile as is claimed in this case. In other words, the automobile which was owned by the defendant Arlyne Title and for which she was covered was a 1959 4-door Ford station wagon. That is the car which she owned and which was covered by plaintiff’s policy of insurance. Plaintiff contends that the injuries Arlyne Title received were sustained when she fell from a three-wheel electric golf cart which was not, in any way, the family automobile or any type of four-wheel private passenger, station wagon or jeep type automobile which came within the coverage of contemplation of her policy of insurance. Moreover, the policy involved does not contain an indorsement or express provision covering injury to a spouse. The law is well settled that no coverage is afforded to a spouse in the absence of a specific provision and affirmative undertaking-in the policy to do so (Insurance Law, § 167, subd. 3). The *427 affidavits in opposition to the instant motion urge that this complaint be dismissed and that the defendants be permitted to maintain and continue their action in California where it is felt that the New York Insurance Law, exempting actions by spouses, will not prevail. Defendants ’ arguments herein are tenuous and untenable. I conclude the accident, involving a three-wheel electric golf cart, is not within the coverage of contemplation of the automobile policy issued to the defendants by the plaintiff and, in view also of subdivision 3 of section 167 of the Insurance Law, I find no merit to defendants’ defense in fact or in law. Moreover, the question whether defendant wife is insured for the accident herein is governed by the lex loci contractus. That would be within this court’s sole jurisdiction (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1). Accordingly plaintiff’s motion for summary judgment is granted.